## Glaberson et al., Appellants, *v.* Barowsky.

*Negligence—Infant—Ticket chopping machine—Moving picture theater—Nonsuit.*

1. There can be no recovery for using, in an extraordinary manner, objects which are perfectly safe in themselves.

2. In an action to recover damages for injuries to a child, resulting from the child pulling a ticket chopping machine over on himself in the lobby of a moving picture theater, a nonsuit is properly entered, where there was no evidence to show the machine was improperly constructed or located or that it was usual to fasten such machines to the floor, the evidence showing that the child pulled the machine over on himself when he caught his hand while trying to chop a ticket, that another small boy was back of the machine at the time, but was not employed there, or known to be there by defendant, and did not in fact contribute in any way to the accident.

Argued November 26, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 213 and 214, Jan. T., 1926, by plaintiffs, from order of C. P. No. 2, Phila. Co., Dec. T., 1923, No. 8797, refusing to take off nonsuit, in case of Harry Glaberson, by his father and next friend, Abraham Glaberson, and Abraham Glaberson in his own right, v. George Barowsky, trading as Rex Theater. Affirmed.

Trespass for personal injuries. Before GORDON, J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off. Plaintiffs appealed.

*Error assigned* was, inter alia, order, quoting record.

*W. H. Hepburn, Jr.,* with him *Paul M. Wintrob,* for appellants.

*Robert T. McCracken,* with him *Roberts & Montgomery,* for appellee.

PER CURIAM, January 3, 1927:

Plaintiffs appealed from the refusal to take off a nonsuit.

We adopt the following excerpts from the opinion of the court below: "Defendant owns and operates a moving picture theater......in the City of Philadelphia. On October 1, 1923, the minor plaintiff sustained an injury on these premises......Upon the sloping surface of the outer lobby of the theater, on this date, stood a ticket chopping machine, weighing between 150 and 175 pounds. This machine is of the sort which is ordinarily used in connection with moving picture houses all over the city. It was not attached to the floor. There was no testimony to the effect that such machines were ordinarily attached to the floor or that there was anything unusual about its location, construction or operation. At about six o'clock in the evening, the plaintiff, who was at the time of the accident a child of eight, was standing about in the lobby with money in his pockets sufficient to purchase admission to defendant's theater, although he had not made such a purchase. He observed a friend named Bennie Goldberg, seated behind the ticket chopper. There was evidence given by the boy Goldberg to the effect that he was voluntarily operating the ticket chopping machine with the hope that he might receive admission to the theater in return for his services, although there was no evidence to show that defendant or his servants or agents had any knowledge of [the] presence [of the Goldberg boy] back of the ticket machine or that they had allowed him to occupy that position; certainly there was no evidence to show that [he was employed by them]. Plaintiff engaged in conversation with Goldberg until a patron of the theater entered and handed a ticket to Goldberg, which Goldberg turned over to the minor plaintiff in order that he might drop it into the ticket machine. Plaintiff dropped the ticket into the machine, but on trying to extract his hand found that it had somehow become stuck. In

trying to wrench it free he pulled the ticket chopping machine over upon himself causing the fracture of his leg......

"The allegations of negligence which appear in plaintiff's statement of claim are twofold. The first is that the ticket chopper was so located that it was possible for it to fall over and injure persons on the premises. The second is that the defendant allowed persons under the age of 14 years to work the ticket chopper and to be in control of the same. We find no merit in either of these allegations, nor are they supported by the evidence.

"As far as the location and construction of the machine is concerned, we see nothing in the situation which might charge the defendant with negligence. He was using a machine which was customary in the moving picture business and there was no evidence that similar machines were ever fastened to the floor. It is true that it was possible for [the machine] to be pushed over or to fall upon persons on the premises, but only in the sense that such a thing might happen were it violently propelled from behind, not in the sense that the machine was so placed as to be likely to fall by reason of its own construction or location. There was no evidence whatever that the machine was of an unsafe character or in improper working order. The case would therefore fall within that class of cases where it has been held that there can be no recovery for using in an extraordinary manner objects which are perfectly safe in themselves.

"......We are forced to conclude that plaintiff, under the circumstances, must suffer the loss which he incurred in misusing a machine which was not inherently dangerous, improperly constructed or located, and which, if not so misused, was perfectly safe to all who came within its vicinity.

"There is even less merit in the contention......that defendant was negligent because he allowed the other child, Goldberg, to sit behind the machine. In the first

place, no agency whatever was proved, or knowledge on the part of defendant that Goldberg was operating the machine. Secondly, there is no evidence that Goldberg contributed in any way to the accident, as he did not push the machine over upon plaintiff......Again, defendant was not obliged, from the nature or construction of the machine, to place an attendant at it; nor does it follow that, had [an adult] been there, he would have been able to prevent the accident. The machine was not in itself dangerous; the function of a ticket-taker is not one of protection; and the failure of defendant to provide an attendant was not negligence, nor was the presence of the other minor a causal factor in the occurrence."

Both in the case of the minor plaintiff and in that of the father, suing in his own right, we make the following order:

The judgment is affirmed.